```
1  MCGUIREWOODS LLP
   ALICIA A. BAIARDO SBN #254228
2  abaiardo@mcguirewoods.com
   ALEXANDER J. GERSHEN SBN #291929
3  agershen@mcguirewoods.com
   Two Embarcadero Center
4  Suite 1300
   San Francisco, CA  94111-3821
5  Telephone:  415.844.9944
   Facsimile:  415.844.9922
6
7  Attorneys for Panasonic Corporation
   of North America
```

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PANASONIC CORPORATION OF NORTH AMERICA,<br><br>                Plaintiff,<br><br>        vs.<br><br>BERKELEY MUSIC GROUP, and DOES 1-20 inclusive,<br><br>                Defendants. | CASE NO. 3:19-cv-7075<br><br>**COMPLAINT FOR DAMAGES**<br><br>   1. **BREACH OF CONTRACT**<br>   2. **GOODS SOLD & DELIVERED**<br>   3. **ACCOUNT STATED**<br>   4. **QUANTUM MERUIT** |

Plaintiff Panasonic Corporation of North America ("Panasonic") brings this action to recover damages against Berkeley Music Group ("BMG"). The following allegations are based upon Panasonic's knowledge with respect to its own acts and information and belief and the investigation of counsel as to all other matters.

## **PARTIES**

1.    Plaintiff, Panasonic Corporation of North America, is incorporated in Delaware with a principal place of business of New Jersey.

2. Defendant, Berkeley Music Group, is an active California domestic nonprofit located at 1300 Clay Street, Suite 100, Oakland, California 94612-1427.

3. BMG's founder, President, CEO, and registered agent for service of process is David M. Mayeri ("Mayeri").

4. Panasonic is informed to believe that Mayeri has authority to act on behalf of BMG, including entering contracts on behalf of BMG.

5. Panasonic is without sufficient information to specifically identify those persons named fictitiously herein as Does 1-20. Panasonic reserves the right to amend this Complaint to specifically identify those parties once their identities become known.

## JURSDICTION AND VENUE

6. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the sum of $75,000 and is between citizens of different states. This Court also has jurisdiction over Panasonic's claims because the majority of the events at issue occurred in this jurisdiction, including the alleged breach of contract.

7. Venue is proper pursuant to 28 U.S.C. §1391 because BMG resides in this judicial district, because BMG's contacts would be sufficient to subject it to personal jurisdiction in this judicial district, because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and because Plaintiff was harmed in this judicial district.

## FACTS COMMON TO ALL COUNTS

8. Upon information and belief, BMG was formed to renovate the UC Theatre, located at 2036 University Ave, Berkeley, CA 94704 ("UC Theatre").

9. Upon information and belief, BMG reopened the UC Theatre in the Spring of 2016.

10. Upon information and belief, BMG raised $5.6 million through donations and grants to renovate the UC Theatre.

11. Upon information and belief BMG receive a $1.3 million matching grant from the Taube Philanthropies to renovate the UC Theatre.

12. Upon information and belief, BMG renamed the UC Theatre the UC Theatre Taube Family Music Hall.

13. Based on a written proposal dated November 30, 2015, BMG entered into a contract (the "Contract") with Serb Systems Inc. dba Pro Media UltraSound ("Pro Media") on December 2, 2015 related to new sound systems for the UC Theatre. Attached as **Exhibit 1** is a true and correct copy of the Contract.

14. On February 17, 2016, Mayeri, as BMG's President and CEO, re-confirmed the Contract by e-mail, specifically acknowledging that he signed the Contract, and further acknowledging "[a]s stated on December 2nd we are committed to the installation of all three systems (Leopard, Constellation & Cinema)." Attached as **Exhibit 2** is a true and correct copy of the February 17, 2016 e-mail.

15. The total amount of the Contract was $701,361.50, which was approved by BMG through Mayeri.

16. The total amount of $701,361.50 was subsequently reduced to $465,705.18 by mutual agreement of the parties to remove from the contract certain scopes of work. However, BMG has not paid this amount.

17. On or about June 3, 2016, Panasonic acquired Pro Media, including all of Pro Media's contractual rights with BMG, including the Contract.

18. On May 26, 2016, Panasonic's predecessor-in-interest, Pro Media, sent e-mails and invoices to BMG related to the Contract. Attached as **Exhibit 3** are true and correct copy of the e-mails and invoices sent to BMG regarding the Contract.

19. Included in these e-mails and invoices are the payment terms which requires BMG's payment within 120 days of the hard opening date on April 7, 2016 for Meyer loudspeakers and equipment and payment within 60 days of invoice for all other services and materials (non-Meyer equipment).

20. BMG, through Mayeri, signed and acknowledged a June 7, 2016 list of equipment received and installed. Attached as **Exhibit 4** is a true and correct copy of the list of equipment.

21. Upon information and belief, on or around August 8, 2016, Panasonic or its predecessor-in-interest, Pro Media, sent BMG a detailed invoice in the amount of $465,705.18 related to the Contract.

22. On September 6, 2016, BMG made a payment $28,705.00 with respect to the Contract.

23. On March 17, 2017, BMG made a second payment of $20,000.00 with respect to the Contract.

24. From March 17, 2017 to present, BMG has not made any additional payments with respect to the Contract. BMG still owes Panasonic $417,000.18.

25. On January 17, 2019, Panasonic sent BMG an invoice that set forth the balance owed by BMG. Attached as **Exhibit 5** is a true and correct copy of the January 17, 2019 Invoice.

26. Based on the above facts, BMG owes Panasonic $417,000.18 plus statutory pre-judgment interest accruing 120 days after April 7, 2016.

**FIRST CLAIM FOR RELIEF**
**Breach of Contract**
**(Against BMG)**

27. Panasonic re-alleges and incorporates herein by reference the matters alleged in paragraphs 1-26 of this Complaint.

28. On December 2, 2015, Panasonic's predecessor-in-interest Pro Media, entered into valid and enforceable agreement, the Contract, with BMG. *See generally* **Exhibit 1.**

29. Under the terms of the Contract, BMG promised to pay Panasonic's predecessor-in-interest $701,361.50 for certain specified sound systems for the UC Theatre.

30. BMG agreed that its "[p]ayment for Meyer loudspeakers and equipment must be received within 120 days of hard opening in 2016," which later became a hard opening date of April 7, 2016.

31. BMG also agreed that its "[p]ayment for all other services and materials (non-Meyer equipment) must be received within 60 days of invoice."

32. Pursuant to the terms of the Contract, Panasonic's predecessor-in-interest, Pro Media, delivered to BMG certain equipment and materials and performed other services outlined in the Contract.

33. On or about August 8, 2016, following the parties' discussion and agreement

regarding reduction of the prior invoices to date, Panasonic's predecessor-in-interest, Pro Media, sent BMG a detailed invoice in the amount of $465,705.18 related to the equipment delivered to BMG and for other services and materials related to the Contract.

34. BMG made two payments related to the Contract, totaling $48,705.00.

35. From March 17, 2017 to present, BMG has not made any additional payments with respect to the Contract, despite demand having been made by Panasonic.

36. BMG breached the terms of the Contract by, among other things, failing to timely pay the amount owed under the Contract, causing Panasonic damage thereby.

37. Panasonic, and its predecessor-in-interest Pro Media, performed all, or substantially all, of the obligations imposed on it under the Contract.

38. As a direct and proximate result of the breach by BMG of the Contract, Panasonic sustained damages in amount to be proven at trial, but not less than $417,000.18.

**SECOND CLAIM FOR RELIEF**
**GOODS SOLD AND DELIVERED**
**(Against BMG)**

39. Panasonic re-alleges and incorporates herein by reference the matters alleged in paragraphs 1-38 of this Complaint.

40. BMG requested that Panasonic's predecessor-in-interest Pro Media perform services and provide materials as outlined in the Contract.

41. BMG received the products and services ordered in good order and condition, pursuant to the contractual specifications. The sale is evidenced by the Contract, e-mails, and invoices marked *Exhibits 1 through 5*.

42. BMG defaulted in payment of the outstanding invoices in which the original total amount was $701,361.50, which after two payments and a mutual agreement to reduce the balance, resulted in an unpaid balance of $417,000.18.

43. Under Commercial Code section 2607(a) and Commercial Code section 2609(1), BMG became liable and indebted to Plaintiff for the sum of $417,000.18, with interest accruing as

of April 7, 2016, until paid in full.

44. The claim of indebtedness sued herein is not subject to the provisions of Civil Code Section 1812.10 and 2984.4 because said indebtedness did not arise from a retail installment contract or under a contract for the purchase and/or financing of a motor vehicle.

45. Prior to the filing of this action, demand has been made upon BMG, who have failed and refused, and continues to fail and refuse to make payment thereunder.

### THIRD CLAIM FOR RELIEF
### ACCOUNT STATED
### (Against BMG)

46. Panasonic re-alleges and incorporates herein by reference the matters alleged in paragraphs 1-45 of this Complaint.

47. Within four years past and prior to the commencement of this action, an account was stated in writing by and between Panasonic and BMG in the amount of $417,000.18. No part has been paid, and the total thereof is now due and payable, with interest accruing from and after April 7, 2016 until paid in full.

### FOURTH CLAIM FOR RELIEF
### QUANTUM MERUIT
### (Against BMG)

48. Panasonic re-alleges and incorporates herein by reference the matters alleged in paragraphs 1-47 of this Complaint.

49. Within four years past and prior to the commencement of this action, Panasonic delivered, furnished, rendered, or supplied audio systems equipment to BMG at their special instances and request.

50. At all times mentioned, said audio systems equipment had a reasonable value of at least $417,000.18, with interest accruing from and after April 7, 2016 until paid in full.

### PRAYER FOR RELIEF

WHEREFORE, Panasonic prays for judgment as to each of its claims for relief against BMG as follows:

1. For damages in an amount to be proven at trial;
2. For pre-judgment and post-judgment interest at the legal rate;

3. For reasonable attorney's fees, and other costs of suit herein incurred; and

4. Leave to amend this Complaint to conform to the evidence produced in discovery and at trial; and

5. Such other and further relief as the Court may deem just and proper.

DATED: October 28, 2019                     **MCGUIREWOODS LLP**

                                         By:  */s/ Alicia A. Baiardo*
                                                 Alicia A. Baiardo
                                                 *Attorneys for Panasonic Corporation of North America*